**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | A CHAPTER 11 PROCEEDING |
| Dean Gerard Thomas, | Case No. 17-29541 |
| Debtor. | Judge: Honorable Jacqueline P. Cox |
| | Hearing Date: November 1, 2017<br>Hearing time: 9:30 am. |

**NOTICE AND MOTION**
**TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS**

**PLEASE TAKE NOTICE** that on the 1st day of November, 2017 at 9:30 a.m., or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, or any such other Judge Presiding in her stead, in Courtroom 680, of the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Chicago, Illinois 60604, and shall then and there present the attached Motion to Extend the Automatic Stay, pursuant to 11 U.S.C. §362(c)(3)(B) a true and correct copy of which is attached hereto and served upon you herewith by this Notice. You may appear if you choose.

Dated this 25th Day of October, 2017              Respectfully submitted,

J. Kevin Benjamin, Esq.                           Benjamin | Brand | LLP
Benjamin | Brand | LLP
1016 West Jackson Blvd.                           By: /s/ J. Kevin Benjamin
Chicago, Illinois 60607-2914                      Attorney for the Debtor
Phone: (312) 853-3100
ARDC #: 6202321

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Dean Gerard Thomas,<br><br>    Debtor. | A CHAPTER 11 PROCEEDING<br><br>Case No. 17-29541<br><br>Judge: Honorable Jacqueline P. Cox<br><br>Hearing Date: November 1, 2017<br>Hearing time:  9:30 am. |

**MOTION TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS**

*NOW COMES DEAN GERARD THOMAS*, (the "Debtor"), by and through his Counsel, J. Kevin Benjamin, Theresa Benjamin and Benjamin | Brand | LLP ("Counsel") and pursuant to 11 U.S.C. §362(c)(3)(B) move this Honorable Court for an entry of an Order Extending the Automatic Stay in this titled case as to all creditors for the life of the case or until the instant case is closed, (the "Motion"), and in support thereof states as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has Jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157, 1334; Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

**VENUE**

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### CORE PROCEEDING

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

### PREDICATE FOR RELIEF

4. The predicate for the relief requested herein is §362(c)(3)(A) & (B) of the Bankruptcy Code.

### BACKGROUND

5. The Debtor filed the above captioned voluntary Chapter 11 on October 2, 2017, (the Petition Date"), case number 17-29541 **[Dkt. No. 1]**, (the "Current Case"). The Debtor filed this Current Case individually with no co-debtor, and this case is pending before this Court.

6. The Debtor had previously filed for relief under Chapter 13 by a voluntary petition filed on March 7, 2017 as case number 17-06864 (the "Prior Case"), within the previous 1-year period to the filing of the instant chapter 11, which was dismissed June 30, 2017 and closed by the court September 6, 2017. The Debtor filed the Prior Case case individually with no co-debtor.

7. The Debtor had also previously filed for relief under Chapter 7 by a voluntary petition filed on January 14, 2010 as case number 10-01306 (the "Chapter 7 Case"), where the Debtor received a standard discharge on June 1, 2010 and that case was closed on January 10, 2011. The Chapter 7 Case was a joint filing with the Debtors spouse, Christy A. Thomas, who also received a discharge.

8. A copy of the Debtor's schedule I and J from the Prior Case is appended to this motion and made apart hereof as *Exhibit No. 1*, and reflects $2,460.19 in net monthly income with a gross monthly income of $7,417.196.

9. A copy of the Debtor's schedule I and J from the Current Case is appended to this motion and made apart hereof as *Exhibit No. 2*, and reflects $5,043.93 in monthly net income,

with a gross monthly income of $8,074.93.

10. The Bankruptcy Code provides that an automatic stay goes into effect immediately upon the filing of a bankruptcy case and prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6).

11. Pursuant to 11 U.S.C. § 362 (c)(3)(A), the automatic stay under §362(a) will terminate within thirty (30) days after filing when a prior case filed by debtors under chapters 7, 11, or 13 was dismissed within one year of the current bankruptcy filing.

12. Pursuant to 11 U.S.C. § 362(c)(3)(B), debtors may move the court to extend the automatic stay beyond the thirty day period and here the Debtor seeks under §362(c)(3)(B), to extend the automatic stay as to all creditors for the life of the Plan or until the instant case is closed.

13. The Debtor alleges that the filing of this current case is in good faith and that the presumption that the case is filed not in good faith under §362(c)(3)(c) does not arise in this case.

***Grounds for Motions to Extend or Impose the Stay*:**

14. Most courts have applied the relevant standards in their own circuits for making determinations of good faith – usually some variation of the "Totality of Circumstances Test".  In the 7th Circuit, the biggest factor typically considered in making good faith determinations has been whether or not there is a "change in circumstances" since the failure of the prior case, which would make the current case more likely to succeed. Some of the salient good faith cases decided in the 7th, at least under the old law, include: *In the Matter of Kenneth W. Smith*, 848 F.2d 813 (7th Cir. 1988); *In the Matter of Love*, 957 F.2d 1350 (7th Cir.1992), and *In re Edward Smith*, 286 F.3d 461 (7th Cir. 2002).

15. Debtor has filed and undertaken this matter in good faith with the intent to

propose a confirmable plan and successful reorganization of his debts.

16. In the Debtors joint Chapter 7 Case, both debtors received a discharge with no issues in the Chapter 7 case, which was also filed in good faith.

17. In the Prior Case the dismissal was not for any reasons that involved bad faith. In The Prior Case the chapter 13 trustee filed a motion to dismiss for ineligibility due to debt limits, on 5/4/2017 [**Dkt. No. 29 in Prior Case**].

18. The Court dismissed the chapter 13 on the chapter 13 trustee's motion for debt limit eligibility on June 30, 2017 [**Dkt. No. 40 in Prior Case**].

19. On June 23, 2017, one week before the dismissal, the Debtor, through his attorney, filed a motion to convert the chapter 13 to a chapter 11 case. [**Dkt. No. 37 in Prior Case**]. That motion was denied on June 30, 2017 [**Dkt. No. 42 in Prior Case**], as Judge Goldgar believed there were issue with the service on secured creditors at that time. The denial of that motion had nothing to do with bad faith and there were never any accusations of bad faith made against the Debtor in the dismissal.

20. The chapter 13 plan in the Prior Case was filed in good faith as well. The Debtor proposed to pay $2,460 per month and as the case was filed March 7, 2017 his first payment was due in April and again in May and June of 2017. The Prior Case was dismissed on June 30, 2017 so no payment was due in July. So the Debtor should have made 3 payments to the chapter 13 trustee for a total of $7,380.00 but actually paid 4 payments, as he paid the July payment in advance so he overpaid into the dismissed plan by paying a total of $9,840.00.

21. In the Prior Case the chapter 13 trustee filed a final report and accounting on September 5, 2017 [**Dkt. No. 44 in Prior Case**]. A copy of that chapter 13 trustee' final report and accounting from the Prior Case is appended to this motion and made apart hereof as ***Exhibit No. 3***. This report supports the payments made by the Debtor into the proposed plan in the Prior

5

Case.

22.    In the Prior case the Debtor not only made payments but also fully complied with all his duties and obligations of a Debtor and the case was only dismissed for debt limit reasons.

23.    The Debtor intends to work with JP Morgan Chase Bank, the secured lender, to solicit their vote for a chapter 11 plan of reorganization to be filed by the Debtor hopefully with an agreement on the amount of the arrears and length of payment on the arrears, and nonetheless the Debtor believes in good faith that the Debtor would be able to proposes a good faith and confirmable chapter 11 plan of reorganization.

24.    However there are issues that may need to be resolved by adversary proceeding(s) or claim objections involving the mortgage arrears. The Debtor has filed his schedules and requited documents and marked the secured lender (JP Morgan Chase Bank) alleged claim or amount owed as disputed and furthermore on schedule B reserved a potential cause of action against JP Morgan Chase for fraud including legations that Debtor believes the mortgage documents were altered by Chase after signing and before recording. JP Morgan Chase never filed a proof of claim under penalty of perjury in the Prior Chapter 13.

25.    There are also issues involving what is secured by the alleged loans as the Debtor believes the loan is not 100% secured solely by the principal residence and that it would be subject to cram-down.

26.    Furthermore in the related foreclosure proceeding in lake county, Illinois (2010 CH 3689) JP Morgan Chase Bank already has modified or tried to modify its judgment of foreclosure as it appears several property index numbers that represent other parcels were found to be subject to the alleged mortgage security instrument.

27.    Notice of this Motion and a copy of this Motion have been sent to all secured lenders and attorneys who have previously represented secured lenders and attorneys who have

Case 17-29541    Doc 16    Filed 10/25/17    Entered 10/25/17 23:29:35    Desc Main
                                Document      Page 7 of 7

previously represented secured lenders in previous bankruptcy filings and state court collection and foreclosure proceedings.

28.     These substantial changes and issues that have been pointed out may allow the Debtor to file an effective plan for reorganization and further represents evidence of the Debtor's good faith filing, and the Debtor does have the ability to fund a chapter 11 plan.

29.     By the reasons set forth herein the Debtor has established the present case was filed in good faith and in applying § 362(c)(3), to the matter at hand the court should determine this is a good faith filing and grant the Debtors motion to extend the stay as to all creditors.

WHEREFORE, Debtor(s), pray this Honorable Court for the entry of an order to extend the Automatic Stay pursuant to 11 U.S.C. §362(c)(3)(B), as to all creditors for the life of the case or until the case is closed and for such other, further, additional or alternative relief that this Court deems just, proper or necessary under the circumstances.

Dated this 25th Day of October, 2017                    Respectfully submitted,

J. Kevin Benjamin, Esq.                                  Benjamin | Brand | LLP
Benjamin | Brand | LLP
1016 West Jackson Blvd.                                  By: /s/ J. Kevin Benjamin
Chicago, Illinois 60607-2914                             Attorney for the Debtor
Phone: (312) 853-3100
ARDC #: 6202321